# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KATHLEEN REGINA MAESTAS,

        Plaintiff,

v.                                                                                                         CIV No. 17-679 CG

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## ORDER GRANTING APPLICATION FOR ATTORNEY FEES

**THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)(A) with Supporting Memorandum* (the "Motion"), (Doc. 27), filed December 11, 2018, and *Defendant's Response to Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b)* (the "Response"), (Doc. 28), filed December 17, 2018. Plaintiff's attorney, Francesca MacDowell ("Plaintiff's Counsel"), moves the Court for an order authorizing attorney fees in the amount of $11,750.00 for legal services rendered before this Court. (Doc. 27 at 1). Defendant states she has no objection to Plaintiff's Motion. (Doc. 28 at 1). Having reviewed the parties' filings, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff's Motion is well-taken and that it shall be **GRANTED**.

**I.**     **Procedural Background**

Plaintiff instituted an action in this Court on June 27, 2017, seeking judicial review of Defendant's denial of her application for Social Security disability benefits. (Doc. 1). On June 19, 2018, this Court granted Plaintiff's request for relief, and remanded the case to the Commissioner for further proceedings. (Doc. 22). Plaintiff

subsequently was awarded attorney fees in the amount of $8,200.00 pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 26).

Upon remand, Defendant determined Plaintiff to be disabled, entered a fully favorable decision, and awarded Plaintiff past-due benefits. (Doc. 27-2, Exhibit B). Defendant advised Plaintiff on November 24, 2018, that $22,797.75 was being withheld from Plaintiff's total benefit amount pending an award of attorney fees pursuant to 42 U.S.C. § 406(B). *Id.* at 3. Defendant stated that it withholds 25 percent of past due benefits for a potential award of attorney fees pursuant to 42 U.S.C. § 406(b), which in this case totals $22,797.75. *Id.* Plaintiff's Counsel requests that the Court authorize payment of $11,750.00 as attorney fees for legal services provided, which is well within 25 percent of total back benefits.[1] Plaintiff's Counsel also states that $1,010.31 of the EAJA fee was garnished to repay Plaintiff's student loans. (Doc. 27-3, Ex. C). Therefore, Plaintiff's Counsel asks the Court to require her to reimburse Plaintiff $7,189.69, which is the amount of the EAJA fees previously awarded by this Court ($8,200.00) minus the amount garnished ($1,010.31). (Doc. 27 at 4) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

## II.     Analysis

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are

---

[1] Plaintiff entered into a contingency fee arrangement with Ms. MacDowell wherein she agreed that Ms. MacDowell would receive a fee not to exceed 25 percent of any past due benefits received from the agency in the event of a favorable agency decision. (Doc. 27-1, Ex. A).

2

paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart,* 450 F.3d 493, 495–96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 807. Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25 percent of past-due benefits, because there is no presumption that 25 percent is reasonable. *Id.* at 807, n.17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b).

The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

In this case, the Court finds that Plaintiff's Counsel's representation of Plaintiff was more than adequate. Counsel obtained a fully favorable decision for Plaintiff, and did not delay the proceedings before this Court in any way. The instant motion was filed within one month of Plaintiff receiving notice that she was entitled to past-due benefits. (Doc. 27-2, Ex. B). The Court finds this to be a reasonable amount of time.

Moreover, the requested fee is not disproportionately large in comparison to the amount of time spent on the case, given Plaintiff's Counsel's experience working on Social Security cases. (Doc. 27-3, Ex. C). Plaintiff's Counsel documented 47 total attorney hours in representing Plaintiff before this Court. *Id.* Awarding counsel the requested $11,750.00 would result in an hourly fee of $250.00 for attorney work performed before this Court. Considering Plaintiff's Counsel's experience and reputation in Social Security representation, and the fact that this fee award is within the range of other fee awards authorized in this District under § 406(b), the Court finds that the fee requested is reasonable. *See, e.g., Salazar v. Berryhill,* 14-283 KRS (Doc. 30) (awarding $19,442.25 for 27.42 hours, or $709.05 per hour); *Bigsby v. Colvin,* Civ. 12-1207 CG (Doc. 31) (awarding $21,839.00 for 37.33 hours, or $585.03 per hour); *Gallegos v. Colvin,* Civ. 12-321 SMV (Doc. 32) (awarding $10,000.00 for 16.2 hours, or $617.28 per hour); *Montes v. Barnhart,* Civ. 01-578 BB/KBM (Docs. 19, 22) (awarding $10,000 for 14.25 hours, or $701.75 per hour). In addition, the Court notes that Defendant does not oppose this Motion, and it is the duty of the Court to determine whether the fees are reasonable. (Doc. 28).

4

**III.     Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)(A) with Supporting Memorandum*, (Doc. 27), be **GRANTED**. Plaintiff's Counsel is awarded $11,750.00 for legal services rendered before this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel shall refund to Plaintiff $7,189.69, which is the amount awarded under EAJA minus the amount garnished for Plaintiff's student loans.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE